✝ OLIN W. BENSTER v. FRANK POWELL ET AL.

OWNER OF GOODS TAKEN MAY ELECT AS TO HIS REMEDY.

> In replevin where the constable takes goods not called for in the writ and turns them over to the plaintiff, who converts them to his own use, the defendant is not compelled to work out his remedy in the replevin suit, but may maintain a separate action.

ERROR to the Court of Common Pleas of Lucas county.

BENTLEY, J.

Powell et al., defendants, commenced an action in replevin before a justice of the peace, against the plaintiff Benster for certain machinery and articles described in their affidavit in that case. At the time of executing said writ, the constable to whom it was delivered, took from Benster's possession and against Benster's will, a large number of articles of personal property of great value, which were not described in said affidavit or writ, and many of them were such as not to suggest the idea that they might be comprehended in the description given in said affidavit or writ. The constable turned all said articles of property over to said Powell et al., who kept the same and converted them to their own use, and Benster brought this action for damages for such taking and conversion. The court of common pleas, on the trial of this cause, held that he must work out whatever remedy he had in said replevin action, and that he could not maintain this separate action, and instructed the jury to return a verdict for the defendant, which was done, and judgment rendered thereon in favor of the defendants.

*Held:* That the said action of the court of common pleas was erroneous and its said judgment is reversed, and said verdict is set aside and the cause remanded to said court of common pleas for a new trial and further proceedings according to law.

*O. S. Brumback*, for plaintiff in error.

*E. W. Tollerton*, for defendants in error.

---

## FINAL JUDGMENT.